1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>            Plaintiff,<br><br>    v.<br><br>N. HUNT, *et al.,*<br><br>            Defendants. | Case No. 1:20-cv-01759-NONE-EPG<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br> (ECF No. 2)<br><br>**ORDER DENYING MOTION FOR SERVICE TO BE EFFECTED BY U.S. MARSHALS INSTEAD OF WAIVER OF SUMMONS PROCEDURE**<br><br>(ECF No. 3) |

Plaintiff Georgette G. Purnell ("Plaintiff"), is proceeding *pro se* in this action. (ECF No. 1). On December 11, 2020, Plaintiff submitted an application to proceed *in forma pauperis* (ECF No. 2) and a motion for service to be effected by U.S. Marshals instead of the waiver of summons procedure. (ECF No. 3). For the reasons below, Plaintiff's motion to proceed *in forma pauperis* is GRANTED and Plaintiff's motion to effect service by the U.S. Marshals is DENIED.

With respect to Plaintiff's motion to proceed *in forma pauperis*, Plaintiff has made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, Plaintiff's application to proceed *in forma pauperis* is GRANTED. As to the status of the complaint, Plaintiff is advised that pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a *pro se* complaint filed *in forma pauperis* to determine whether it is legally sufficient under the applicable pleading standards. The Court must dismiss a complaint, or portion thereof, if the Court determines that the

1

complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies in the complaint can be cured by amendment. The complaint will be screened in due course and Plaintiff will be served with the resulting order.

    With respect to Plaintiff's motion for service, which requests that the Court forgo requests for waiver and have the U.S. Marshal personally serve Defendants, the motion is denied. Federal Rule of Civil Procedure 4(d) permits waiver of service as an acceptable and legally effective method of serving process:

> (d) Waiving Service.
> (1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
> (A) be in writing and be addressed:
> (i) to the individual defendant; or
> (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
> (B) name the court where the complaint was filed;
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
> (E) state the date when the request is sent;
> (F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
> (G) be sent by first-class mail or other reliable means.
> (2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's

2

fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent--or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver.* **When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.**

(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

Fed. R. Civ. P. 4(d) (bold emphasis added). Thus, once a defendant signs and returns the waiver to a plaintiff, and that plaintiff files a waiver, service is complete and effective on that defendant.

Given that the Court will be bearing any costs of service, should Plaintiff's complaint be served after screening, the Court will utilize the waiver of service method prescribed by the Federal Rules of Civil Procedure to reduce costs.

Accordingly, it is HEREBY ORDERED THAT Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be GRANTED and Plaintiff's motion to effect service by U.S. Marshals (ECF No. 3) be DENIED.

IT IS SO ORDERED.

Dated: __December 23, 2020__        _____/s/ Errin  P.  Gregg_____

UNITED STATES MAGISTRATE JUDGE

3