UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>N. HUNT, et al.,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-01759-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, DUE TO PLAINTIFF'S FAILURE TO PROSECUTE THIS CASE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Georgette G. Purnell ("Plaintiff"), proceeding pro se and in forma pauperis, commenced this civil-rights action by filing her complaint on December 11, 2020. (ECF No. 1). On January 12, 2021, the Court entered a screening order. (ECF No. 5). The Court found that Plaintiff stated claims against Defendants Hunt, Luper, Garcia-Peralta and Carter for excessive force in violation of the Fourth Amendment and failed to state any other claims. The Court ordered Plaintiff to, within 30 days, file a first amended complaint, notify the Court in writing she wanted to proceed only on the claims the Court found cognizable, or notify the Court in writing that she wanted to stand on her complaint. (*Id*. at 11). The Court warned Plaintiff that "Failure to comply with this order may result in the dismissal of this action." (*Id*.). Plaintiff did not, and has not, responded to that order.

///

1

On March 8, 2021, the Court ordered Plaintiff to show cause, in writing, indicating whether she intends to prosecute this action and explaining her failure to comply with the January 12, 2021 order. (ECF No. 6). The order to show cause stated, in bold, that "Plaintiff is cautioned that failure to respond to this Order as set forth above may result in the dismissal of this case." (*Id.* at 2). Plaintiff has not responded to the order to show cause.

Because Plaintiff has not responded to either the January 12, 2021 order or the March 8, 2021 order, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and failure to comply with court orders.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan,* 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan,* 291 F.3d at 642. Here, Plaintiff's failure to respond to the Court's screening order, despite an order to show cause, is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan,* 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's status as an *in forma pauperis* litigant, it appears that monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan,* 291 F.3d at 642.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1.   This case be dismissed, without prejudice, due to Plaintiff's failure to prosecute this case and failure to comply with a court order; and

2.   The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 31, 2021**                    /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE