UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>N. HUNT, et al.,<br><br>　　　　　　Defendants. | No. 1:20-cv-01759-NONE-EPG (PS)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 6)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 7)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CASE PROCEED ONLY ON THE CLAIM AGAINST DEFENDANT HUNT FOR EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT<br><br>(ECF No. 1)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Georgette G. Purnell ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action. For the reasons that follow, the Court discharges its order to show cause, (ECF No. 6), vacates its findings and recommendations issued on March 31, 2021, (ECF No. 7), and recommends that this action proceed only on the claim against Defendant N. Hunt found cognizable in the screening order, (ECF No. 5).

///

1

## I. BACKGROUND

Plaintiff filed the Complaint commencing this action on December 11, 2020. (ECF No. 1). The Complaint brings claims concerning the way Plaintiff was treated by defendants, who are law enforcement officers, after an automobile collision on June 27, 2020. On January 12, 2021, the Court screened Plaintiff's complaint and found it stated cognizable claims against Defendants Hunt, Luper, Garcia-Peralta and Carter for excessive force in violation of the Fourth Amendment and failed to state any other cognizable claims. (ECF No. 5). The Court gave Plaintiff a thirty-day deadline to file an amended complaint, notify the Court that Plaintiff wished only to proceed on the claims found cognizable, or notify the Court that Plaintiff wished to stand on her complaint. (*Id.* at 11).

Plaintiff did not take timely action. On March 8, 2021, the Court ordered Plaintiff, within fourteen days, to show cause why sanctions, up to and including a dismissal, should not issue for failure to comply with the Court's screening order and for failure to prosecute. (ECF No. 6). Plaintiff did not timely comply. On March 31, 2021, the Court entered findings and recommendations, recommending that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with a Court order. (ECF No. 7).

On April 7, 2021, Plaintiff filed a response to the screening order and order to show cause. (ECF No. 8). Plaintiff apologized to the Court for her lack of timeliness. She stated that she "was sidetracked here lately due to a trial she took on in pro per," which has since concluded. (*Id.* at 1). Plaintiff also notified the Court she wished to proceed only on the claim against Defendant Hunt that the Court found cognizable.

## II. DISCUSSION

Plaintiff has explained the reasons for her delay. Accordingly, the Court will vacate its order to show cause. (ECF No. 6). In addition, the Court will vacate its findings and recommendations that recommended dismissal for failure to prosecute and failure to comply with Court orders. Plaintiff is cautioned that further failures to prosecute or comply with court orders may result in dismissal.

///

1    For the reasons set forth in the Court's screening order that was entered on January 12,
2    2021, (ECF No. 5), and because Plaintiff has notified the Court that she wants to proceed only on
3    her cognizable claim against Defendant Hunt (ECF No. 8), the Court will recommend that all
4    claims and defendants be dismissed, except for Plaintiff's claim against Defendant Hunt for
5    excessive force in violation of the Fourth Amendment. Because the Court found that Plaintiff
6    stated cognizable claims against Defendants Luper, Garcia-Peralta and Carter for excessive force
7    in violation of the Fourth Amendment, which Plaintiff is now not proceeding with, the Court will
8    recommend dismissing those claims without prejudice. The Court will recommend dismissing all
9    other claims with prejudice.

10   Plaintiff's response to the order to show cause includes a page that appears to be printed
11   from the website for the Superior Court of California, County of Fresno. (ECF No. 8 at 3). It
12   shows that she was the defendant in *People v. Purnell*, case number M20920558. The listed
13   charges include violations of Vehicle Code section 23152(b) and Penal Code 148(a)(1), (*id.*),
14   which prohibit driving with a blood-alcohol content of .08% or more and resisting, delaying, or
15   obstructing public or peace officer. The stated violation date was June 27, 2020. (ECF No. 8 at 3).

16   Plaintiff's complaint alleges Defendant Hunt used excessive force against her after she
17   was arrested for driving under the influence on June 27, 2020. These allegations appear to relate
18   to Plaintiff's criminal charges. Thus, Plaintiff's claim may be barred by *Heck v. Humphrey*, 512
19   U.S. 477 (1994). However, because the Court cannot determine whether the *Heck* bar applies
20   from the face of the complaint, the Court will not change its screening order.

21   **III.   ORDERS AND RECOMMENDATIONS**

22   Accordingly, it is HEREBY ORDERED that:
23   1. The order to show cause (ECF No. 6) is DISCHARGED; and
24   2. The Court's March 31, 2021 findings and recommendations (ECF No. 7) are
25       VACATED.
26   In addition, IT IS HEREBY RECOMMENDED that:
27   1. This action proceed on Plaintiff's claim against Defendant N. Hunt for excessive
28       force in violation of the Fourth Amendment;

      2. Plaintiff's claims against Defendants Luper, Garcia-Peralta and Carter for excessive force in violation of the Fourth Amendment be dismissed, without prejudice; and

      3. All other claims in Plaintiff's complaint be dismissed, with prejudice.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 8, 2021**                    /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE