UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>    Plaintiff,<br><br>v.<br><br>N. HUNT, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01759-NONE-EPG<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE, FOR FAILURE TO COMPLY WITH THE COURT'S ORDER TO SUBMIT DOCUMENTS FOR SERVICE, AND FOR FAILURE TO PROSECUTE<br><br>(ECF NO. 9)<br><br>TWENTY-ONE (21) DAY DEADLINE |

    Plaintiff Georgette G. Purnell is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff filed a complaint on December 11, 2020. (ECF No. 1). The Court screened Plaintiff's complaint on January 12, 2021, and found cognizable claims against Defendants N. Hunt, Luper, Garcia-Peralta and Carter for excessive force in violation of the Fourth Amendment. (ECF No. 5). The screening order instructed Plaintiff to, within 30 days, file a first amended complaint, notify the Court in writing that she wanted to proceed only on the claims the Court found cognizable, or notify the Court in writing that she wanted to stand on her complaint. (*Id.* at 11). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*).

After the 30-day deadline in the order lapsed with Plaintiff failing to file anything, the Court entered a show cause order on March 8, 2021, directing Plaintiff to file a written response indicating a desire to prosecute this action and explaining her failure to comply with the Court's January 12, 2021 order. (ECF No. 6). When Plaintiff failed to timely respond, this Court issued findings and recommendations, recommending that Plaintiff's case be dismissed for failure to prosecute and failure to comply with a court order. (ECF No. 7).

On April 7, 2021, Plaintiff filed a response stating that she wished to proceed only against Defendant Hunt. (ECF No. 8). Plaintiff also apologized to the Court for her lack of timeliness, stating that she "was sidetracked here lately due to a trial she took on in pro per," which had since concluded. (*Id.* at 1).

On April 8, 2021, the Court discharged the show cause order, vacated its findings and recommendations to dismiss the case, and entered findings and recommendations that Plaintiff's case proceed only on the claim against Defendant Hunt.[1] (ECF No. 10). By separate order on the same date, the Court ordered the Clerk to send, and for Plaintiff to return within 30 days of service of the order, certain completed documents necessary to achieve service. (ECF No. 9). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 2).

More than 30 days have passed, and Plaintiff has failed to submit the required documents or otherwise respond to the Court's order. Without the required documents, the United States Marshals Service cannot serve Defendant Hunt and this case cannot proceed. Plaintiff's failure to initiate service likewise implicates Federal Rule of Civil Procedure 4(m), which provides as follows: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

---

[1] The District Court later adopted the findings and recommendations for the case to proceed against only Defendant Hunt. (ECF No. 11).

"Rule 4(m) applies to *pro se* litigants as well." *Johnson v. State of Nevada*, No. 2:14-cv-01425-GMN-PAL, 2016 WL 6154892, at *2 (D. Nev. Oct. 20, 2016). While Plaintiff might normally be "entitled to rely on the U.S. Marshal for service of the summons and complaint" in complying with Rule 4(m), she cannot do so where she has failed to "provide[] the necessary information to help effectuate service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Here, the 90-day period from service of the Court's April 8, 2021 order (ECF No. 9) is fast approaching—approximately July 7, 2021, with no information yet provided by Plaintiff for the U.S. Marshal to attempt service. *See Taylor v. San Bernardino Cty. Sheriff*, No. EDCV 09-404-MMM-MAN, 2010 WL 5563843, at *1 n.1 (C.D. Cal. Aug. 27, 2010), *report and recommendation adopted*, No. 09-00404-MMM-MAN, 2010 WL 5564049 (C.D. Cal. Dec. 31, 2010) (starting Rule 4(m) deadline (formerly 120 days) from the date of the court's order authorizing the U.S. Marshal to effect service of process on the plaintiff's behalf). Accordingly, Plaintiff's failure to serve and comply with this Court's order to provide service documents is delaying the prosecution of this case.

Local Rule 110, corresponding to Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause why this action should not be dismissed for her failure to serve, failure to comply with this Court's order to provide service

documents, and failure to prosecute.

Plaintiff is ordered to file a written response to this order to show cause indicating whether she intends to pursue this action and explaining her failure to submit service documents by the required date. Alternatively, Plaintiff may submit the required documents. Any such response shall be filed no later than twenty-one (21) days after the date of service of this order. Plaintiff is cautioned that failure to respond to this order as set forth above may result in the dismissal of this action.

To assist Plaintiff with complying with this order, the Clerk is directed to mail Plaintiff a courtesy copy of the Court's April 8, 2021 order (ECF No. 9) along with the documents necessary to achieve service that are identified in that order.

IT IS SO ORDERED.

Dated: **June 1, 2021**

/s/ *Erin P. Grosj*
UNITED STATES MAGISTRATE JUDGE