| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>Plaintiff,<br><br>v.<br><br>N. HUNT,<br><br>Defendant. | Case No. 1:20-cv-01759-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, DUE TO PLAINTIFF'S FAILURE TO PROSECUTE THIS CASE AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>(ECF Nos. 9, 12).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Georgette G. Purnell, proceeding *pro se* and *in forma pauperis*, commenced this civil-rights action by filing her complaint on December 11, 2020. (ECF No. 1). Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court will recommend that this case be dismissed without prejudice.

**I.    BACKGROUND**

The Court screened Plaintiff's complaint on January 12, 2021, and found cognizable claims against Defendants N. Hunt, Luper, Garcia-Peralta and Carter for excessive force in violation of the Fourth Amendment. (ECF No. 5). The screening order instructed Plaintiff to, within 30 days, file a first amended complaint, notify the Court in writing that she wanted to proceed only on the claims the Court found cognizable, or notify the Court in writing that she

1

wanted to stand on her complaint. (*Id.* at 11). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*).

After the 30-day deadline in the order lapsed with Plaintiff failing to file anything, the Court entered a show cause order on March 8, 2021, directing Plaintiff to file a written response indicating a desire to prosecute this action and explaining her failure to comply with the Court's January 12, 2021 order. (ECF No. 6). When Plaintiff failed to timely respond, this Court issued findings and recommendations, recommending that Plaintiff's case be dismissed for failure to prosecute and failure to comply with a court order. (ECF No. 7).

On April 7, 2021, Plaintiff filed a response stating that she wished to proceed only against Defendant Hunt. (ECF No. 8). Plaintiff also apologized to the Court for her lack of timeliness, stating that she "was sidetracked here lately due to a trial she took on in pro per," which had since concluded. (*Id.* at 1).

On April 8, 2021, the Court discharged the show cause order, vacated its findings and recommendations to dismiss the case, and entered findings and recommendations that Plaintiff's case proceed only on the claim against Defendant Hunt.[1] (ECF No. 10). By separate order on the same date, the Court ordered the Clerk to send, and for Plaintiff to return within 30 days of service of the order, certain completed documents necessary to achieve service. (ECF No. 9). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 2).

More than 30 days passed, and Plaintiff failed to submit the required documents or otherwise respond to the Court's order. Accordingly, the Court entered an order on June 2, 2021, for Plaintiff to show cause within 21 days why this action should not be dismissed for her failure to serve, failure to comply with this Court's order to provide service documents, and failure to prosecute. (ECF No. 12). Plaintiff was directed to file a written response, indicating whether she intends to pursue this action and explaining her failure to submit service documents by the required date. Alternatively, the Court noted that she may submit the required documents. Plaintiff was cautioned that failure to respond to this order could result in the dismissal of this

---

[1] The District Court later adopted the findings and recommendations for the case to proceed against only Defendant Hunt. (ECF No. 11).

2

action. More than 21 days have passed without Plaintiff filing anything.

**II.     ANALYSIS**

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan,* 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . [and] [i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* Here, Plaintiff's failure to respond to the Court's order to submit service documents, despite an order to show cause, is delaying this case and interfering with docket management. Without the service documents, the United States Marshals Service cannot serve Defendant Hunt and this case remains unable to progress.

Plaintiff's failure to initiate service likewise implicates Federal Rule of Civil Procedure 4(m), which provides as follows: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, the 90-day period from service of the Court's April 8, 2021 order (ECF No. 9) is fast approaching—approximately July 7, 2021, with no information yet provided by Plaintiff for the U.S. Marshal to attempt service. *See Taylor v. San Bernardino Cty. Sheriff*, No. EDCV 09-404-MMM-MAN, 2010 WL 5563843, at *1 n.1 (C.D. Cal. Aug. 27, 2010), *report and recommendation adopted*, No. 09-00404-MMM-MAN, 2010 WL 5564049 (C.D. Cal. Dec. 31, 2010) (starting Rule 4(m) deadline (formerly 120 days) from the date of the court's order

3

authorizing the U.S. Marshal to effect service of process on the plaintiff's behalf). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan,* 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with court orders (*see* ECF Nos. 9, 12) and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's status as an *in forma pauperis* litigant, it appears that monetary sanctions are of little use. Moreover, despite the recent show cause order, warning Plaintiff of dismissal should she fail to respond, Plaintiff has failed to further litigate this case. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan,* 291 F.3d at 642.

### III.     CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, due to Plaintiff's failure to prosecute this case and failure to comply with court orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

(14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 1, 2021**       /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE