UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>           Plaintiff,<br><br>   v.<br><br>N. HUNT,<br><br>           Defendant. | Case No.: 1:20-cv-01759-JLT-EPG<br><br>ORDER DENYING RENEWED MOTION TO RE-OPEN CASE AND PROHIBITING FURTHER FILINGS<br><br>(Doc. 22) |

     Georgette G. Purnell, proceeding *pro se* and *in forma pauperis*, commenced this civil-rights action by filing her complaint on December 11, 2020. (Doc. 1.) On January 12, 2021, the assigned magistrate judge entered a screening order, finding that Plaintiff stated claims against Defendants Hunt, Luper, Garcia-Peralta, and Carter for excessive force in violation of the Fourth Amendment and failed to state any other claims. (Doc. 5.) The Court ordered Plaintiff to file a first amended complaint, notify the Court in writing she wanted to proceed only on the claims the Court found cognizable, or notify the Court in writing that she wanted to stand on her complaint within 30 days. (*Id*. at 11.) Plaintiff was warned that "Failure to comply with this order may result in the dismissal of this action." (*Id*.) Plaintiff did not timely respond to that order.

     On March 8, 2021, the magistrate judge ordered Plaintiff to show cause, in writing, indicating whether she intends to prosecute this action and explaining her failure to comply with

1

the January 12, 2021 order. (Doc. 6.) The order to show cause stated, in bold, that "Plaintiff is cautioned that failure to respond to this Order as set forth above may result in the dismissal of this case." (*Id*. at 2.) Plaintiff did not timely respond to the order to show cause.

On March 31, 2021, the magistrate judge issued findings and recommendations recommending that the case be dismissed, without prejudice, for failure to prosecute and failure to comply with a Court order. (Doc. 7.) Plaintiff filed a response in which she apologized for failing to timely respond to the Court's prior order to show cause, indicating that she had been "sidetracked . . . lately do to a trial she took on in pro per which has now concluded." (Doc. 8.) Plaintiff further indicated that she wished to proceed with her case against only Defendant Hunt. (*Id*.)

On May 8, 2021, the magistrate judge issued an order finding service of the complaint on Defendant Hunt appropriate and requiring Plaintiff to submit service documents within 30 days. (Doc. 9.)[1] Plaintiff failed to timely file the service documents as required by the Court's order.

On June 2, 2021, the magistrate judge again issued an order to show cause why the case should not be dismissed for Plaintiff's failure to comply with Court orders and failure to prosecute. (Doc. 12.) Plaintiff was afforded 21 days to respond. (*Id*.) Plaintiff failed to timely respond.

On July 1, 2021, the magistrate judge issued findings and recommendations recommending that this action be dismissed due to Plaintiff's failure to complete service, failure to comply with a Court order, and failure to prosecute. (Doc. 13.) Plaintiff was afforded 14 days to file objections thereto. (*Id*.) She again failed to timely respond. On July 27, 2021, the Court adopted the findings and recommendations, and the case was dismissed and closed. (Doc. 14.)

On July 29, 2021, the Court received a document entitled "objections to findings and recommendations," in which Plaintiff asserts that she indeed forwarded service documents to the Clerk of the Court as ordered on May 4, 2021. (Doc. 15.) Plaintiff indicated in the July 29, 2021 filing that "because I'm learning now [that] the Court never received these documents. . . I am

---

[1] Also, on May 8, 2021, the magistrate judge issued findings and recommendations to dismiss all other claims in the case. (Doc. 10.) Those findings and recommendations were adopted by the previously assigned district judge on April 26, 2021. (Doc. 11.)

2

resubmitting them today. (*See* Attached.)" (*Id*. at 4.) However, no such documents were attached to Plaintiff's filing. On August 3, 2021, the Court issued an order stating that it would hold the pending objections in abeyance for an additional 14 days to "permit Plaintiff to file any such attachments for the Court's review along with any documentation that demonstrates the documents were previously provided to the Court in a timely manner." (Doc. 17.) That deadline passed without Plaintiff communicating with the Court, so in an order dated September 3, 2021, the Court declined to re-open the case. (Doc. 18.)

On September 17, 2021, Plaintiff filed a "motion to reopen" the case, to which she has attached numerous previously filed documents and what appears to be a service document. (Doc. 19.) However, she offered no compelling explanations for her ongoing failure to monitor the case, including her failure to timely respond to the Court's August 3, 2021 order. (*Id.*) Therefore, in an order dated January 10, 2022, the Court declined to re-open the case. (Doc. 20.)

The Court has now received another request from Plaintiff to re-open the case. (Doc. 22.) The request contains essentially the same materials that Plaintiff previously provided in September 2021. Those documents again provide no justification for this Court to reconsider its prior orders. Plaintiff repeatedly missed Court deadlines despite having been warned on numerous occasions of the potential consequences of doing so. While Plaintiff belatedly provided the Court with copies of documents she purportedly filed on previous dates, she has never sufficiently explained her repeated failures to comply with Court orders or deadlines. Accordingly, the Court **ORDERS**:

1. The motion to reopen the case (Doc. 22) is **DENIED**; and
2. **No further filings will be accepted in this case.**

IT IS SO ORDERED.

Dated:  **March 29, 2022**

*[signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE

3